IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Albert Ashpole,<br><br>              Petitioner,<br><br>   v.<br><br>Ivan Bustos, et al.,<br><br>              Respondents. | CIV 05-1806 PHX JWS (VAM)<br><br><u>REPORT AND RECOMMENDATION</u> |

TO THE HONORABLE JOHN W. SEDWICK, U.S. DISTRICT JUDGE.

     James Albert Ashpole ("petitioner") filed a <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner presents four grounds for relief in the petition. (Doc. 1 at pp. 5-15). Respondents filed an answer opposing the granting of habeas relief. (Doc. 15). Petitioner filed a response. (Doc. 18).

**BACKGROUND**

     In an Amended Indictment, petitioner was charged with three counts of fraudulent schemes and artifices, one count of attempted fraudulent schemes and artifices, theft, 33 counts of sale of unregistered securities, and one count of illegally conducting an enterprise. (Doc. 15 at Exhibit T). Prior to trial, petitioner filed a motion to proceed pro se. (<u>Id.</u> at Exhibit V). The trial court granted the motion but counsel was appointed to act in an advisory capacity. (<u>Id.</u> at Exhibit W).

     In March, 1999, following a jury trial, petitioner was

1  convicted on all 39 counts.  (Doc. 15 at Exhibit X).  All of the
2  sentences handed down for these convictions were ordered to run
3  concurrently.  The longest sentence was 9 years.  (Id. at Exhibit
4  Y).
5       Petitioner filed a timely appeal challenging his convictions.
6  In his brief, petitioner presented one claim, to wit:
7       Did the trial court abuse its discretion by accepting
        [petitioner's] waiver of his right to counsel without
8       asking sufficient questions to determine that his waiver
        of counsel was being mad[e] knowingly, intelligently and
9       voluntarily?
10 (Doc. 15, Exhibit AA at p. 27).  The Arizona Court of Appeals
11 issued a decision affirming petitioner's convictions and sentences
12 on August 24, 2000.  (Doc. 15 at Exhibit DD).  Petitioner filed
13 for review in the Arizona Supreme Court but the petition was
14 denied without comment on February 15, 2001.  (Doc. 15 at Exhibit
15 FF).
16      On April 2, 2001, petitioner filed a timely Notice of Post-
17 Conviction Relief pursuant to Ariz.R.Crim.P. 32.1.  (Doc. 15 at
18 Exhibit GG).  In his petition, petitioner raised two grounds:
19      **1.** The [trial judge] erred in permitting Petitioner to
        proceed pro per.  Petitioner's decision to proceed pro
20      per was not a knowing, intelligent and voluntary waiver
        of his 6th Amendment right to counsel.  The argument
21      pertains to all counts.
22      **2.** Petitioner was entitled to a jury determination on
        the issue of whether Counts 1 & 2 involved amounts of
23      over $100,000 (one-hundred thousand dollars).  That
        finding was made by a sentencing court rather than the
24      jury.  The petitioner was denied his right to a jury
        determination on this issue in a violation of his 6th
25      Amendment right to trial by jury.
26 (Doc. 15, Exhibit II at p. 2).
27      The trial court dismissed the Rule 32 petition in an order
28                                 2

1  filed on February 22, 2002, finding that petitioner "failed to
2  present a colorable claim, ..."  (Doc. 15 at Exhibit KK).
3  Petitioner filed for review in the Arizona Court of Appeals, but
4  raised only the following issue:

> **A.** Did Petitioner knowingly, intelligently and voluntarily waive his Sixth Amendment right to be represented by counsel at pretrial, trial and sentencing?

(Id., Exhibit LL at p. 2).  On February 21, 2003, the Arizona Court of Appeals denied the petition for review.  (Id. at Exhibit NN).

On May 29, 2003, petitioner filed a second petition for post-conviction relief in the trial court raising a claim predicated on Apprendi v. New Jersey, 530 U.S. 466 (2000).  (Doc. 15 at Exhibit OO).  In a minute entry dated June 11, 2003, the trial court dismissed the petition, stating that petitioner's Apprendi claim was raised in his first Rule 32 proceeding and is precluded from consideration in a second Rule 32 pursuant to Ariz.R.Crim.P. 32.2(a).  (Id. at Exhibit PP).  Petitioner moved for rehearing but the motion was denied by the trial court.  (Id. at Exhibit RR).

Petitioner filed for review in the Arizona Court of Appeals. In addition to raising his Apprendi claim, petitioner also raised a claim of ineffective assistance of post-conviction counsel. (Id., Exhibit SS at pp. 2-7).  The Arizona Court of Appeals denied the petition for review without comment on September 10, 2004. (Id. at Exhibit TT).  Petitioner filed for review in the Arizona Supreme Court on November 1, 2004.  In addition to his Apprendi and ineffective assistance of PCR counsel claims, petitioner also

1    raised for the first time claims that his "flat time" sentence was
2    illegal and also raised a claim predicated on <u>Blakely v.</u>
3    <u>Washington</u>, 542 U.S. 296 (2004).  (<u>Id.</u> at Exhibit UU).  The
4    Arizona Supreme Court denied review without comment on March 23,
5    2005.  (<u>Id.</u> at Exhibit VV).

6        On September 28, 2004, before conclusion of his appeals in
7    his second PCR was complete, petitioner initiated a third petition
8    for post-conviction relief in the trial court.  (Doc. 15 at
9    Exhibit WW).  In his notice, petitioner stated he was raising a
10   <u>Blakely</u> claim based on a significant change in the law.  (<u>Id.</u>,
11   Exhibit WW at p. 3).  On October 13, 2004, the trial court issued
12   an order denying the petition and holding that petitioner's
13   <u>Blakely</u> claim, like a claim predicated on <u>Apprendi</u>, was not
14   retroactively applicable to convictions, like his, which have
15   become final by the completion of direct appellate review.  (<u>Id.</u>,
16   Exhibit XX at pp. 1-2).  Petitioner filed for review in the
17   Arizona Court of Appeals but that court denied review without
18   comment on August 11, 2005.  (<u>Id.</u> at Exhibit ZZ).

19       On June 15, 2005, petitioner filed a federal habeas corpus
20   petition raising the following grounds for relief:

21       **GROUND I:** Under the Sixth Amendment, <u>Apprendi</u>, <u>Blakely</u>
    and <u>Shepard</u> Cases my sentence is illegal because the
22       penalty was beyond presumptive and was not submitted to
    a jury for proof.

23       **GROUND II:** This conviction violates the 5th Amendment
24       ban on double jeopardy, multiple punishments for a
    single offense.

25       **GROUND III:** Petitioner had ineffective assistance of
26       counsel in that counsel failed to raise <u>Apprendi</u> claims
    regarding an illegal sentence.

27

28                                   4

      **GROUND IV:** My sentence as carried out is discriminatory in violation of due process of law as AZ R.S. 41-1604.07 and 41-1604.14 are applied and again denied to me.

(Doc. 1 at pp. 5,8,11 and 13).

## DISCUSSION

**A. Anti-Terrorism and Effective Death Penalty Act of 1996**

      Pursuant to 28 U.S.C. § 2254(d), the following standard for granting a federal habeas petition originating from a state court conviction applies:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceedings.

      The Act also codifies a presumption of correctness of state court findings of fact. 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has the burden of proof to rebut the presumption by "clear and convincing evidence." As discussed more fully below, these provisions of the Act set the standard for the Court's evaluation of the merits.

      The Act limits the district court's discretion to hold evidentiary hearings. 28 U.S.C. § 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

```
          (A) the claim relies on--

          (i) a new rule of constitutional law, made retroactive
          to cases on collateral review by the Supreme Court that
          was previously unavailable; or

          (ii) a factual predicate that could not have been
          previously discovered through the exercise of due
          diligence; and

          (B) the facts underlying the claim would be sufficient
          to establish by clear and convincing evidence that but
          for constitutional error, no reasonable factfinder would
          have found the applicant guilty of the underlying
          offense.
```

A petition may be denied on the merits even though it contains unexhausted claims, and the state does not waive exhaustion except by an express waiver on the record. 28 U.S.C. §2254(b)(2) and (3).

**B. Exhaustion and Procedural Default**

<u>1. Law Generally</u>

A federal court has authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted. <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981)(per curiam); <u>McQueary v. Blodgett</u>, 924 F.2d 829, 833 (9th Cir. 1991). The exhaustion doctrine, first developed in case law and codified at 28 U.S.C. § 2254, now states:

```
     (b)(1) An application for a writ of habeas corpus on
     behalf of a person in custody pursuant to the judgment
     of a State court shall not be granted unless it appears
     that--

       (A) the applicant has exhausted the remedies available
     in the courts of the State; or

       (B)(i) there is an absence of available state
     corrective process; or

       (ii) circumstances exist that render such process
     ineffective to protect the rights of the applicant.
```

1 .......

2       (c) An applicant shall not be deemed to have exhausted
        the remedies available in the courts of the State,
3       within the meaning of this section, if he has the right
        under the law of the State to raise, by any available
4       procedure, the question presented.

5     The exhaustion requirement can be satisfied in one of two
6 ways. First, a petitioner can fairly present his or her claims to
7 the Arizona Court of Appeals by properly pursuing them through
8 either the state's direct appeal process or through appropriate
9 post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008,
10 1010 (9th Cir. 1999). Only one of these avenues of relief must be
11 exhausted before bringing a habeas petition in federal court.
12 This is true even where alternative avenues of reviewing
13 constitutional issues are still available in state court. Brown
14 v. Easter, 68 F.3d 1209, 1211 (9th Cir. 1995); Turner v. Compoy,
15 827 F.2d 526, 528 (9th Cir. 1987), cert. denied, 489 U.S. 1059
16 (1989).

17     Claims presented in habeas petitions are considered exhausted
18 if they have been ruled upon by the Arizona Court of Appeals.
19 However, if the sentence received is life imprisonment, the claims
20 must be presented to the Arizona Supreme Court. Swoopes, 196 F.3d
21 at 1010. Although a federal habeas petitioner may reformulate
22 somewhat the claims made in state court, Tamapua v. Shimoda, 796
23 F.2d 261, 262 (9th Cir. 1986), rev'd in part on other grounds by
24 Duncan v. Henry, 513 U.S. 364 1995), the substance of the federal
25 claim must have been "fairly presented" in state court. Anderson
26 v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Picard v. Connor,
27 404 U.S. 270, 278 (1971). While the petitioner need not recite

7

"book and verse on the federal constitution," Picard, 404 U.S. at 277-78 (quoting Daugherty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." Anderson, 459 U.S. at 6.

As an alternative to presenting his claims to the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating that no state remedies remained available at the time the federal habeas petition was filed. Engle v. Isaac, 456 U.S. 107, 125 (n. 28)(1982); White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989). However, this path is fraught with danger:

> If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity.

Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988); see also Swoopes, 196 F.3d at 1010 (determining that the exhaustion requirement is satisfied if a petitioner presented a claim to the Arizona Court of Appeals either on direct review or via a petition for post-conviction relief). This failure to comply with reasonable state procedures is usually characterized as "procedural default," "procedural bar," or a "waiver." As discussed, exhausting state remedies by means of a procedural default is risky. The burden is on the petitioner to show that he or she has properly exhausted each claim. Dismissal of the petition is proper when the record does not show that the exhaustion requirement is met. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981)(per curiam), cert. denied, 455 U.S. 1023

8

(1982). If the unavailability of state remedies is in no way the fault of the petitioner or his or her counsel, the exhaustion requirement will likely be satisfied and a federal court may reach the merits of the petitioner's habeas claims.

In many cases, however, the lack of available state remedies is a direct result of the petitioner's failure to avail himself of the state remedies in a timely or procedurally correct manner. In such instances, the petitioner has procedurally defaulted, and may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.[1] Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); see also Teague v. Lane, 489 U.S. 288, 298 (1989); Tacho v. Martinez, 862 F.2d 1376, 1380 (9th Cir. 1988). "Cause" is the legitimate excuse for the default. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "Prejudice" is actual harm resulting from the alleged constitutional violation. Id.

"Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" Harmon v. Barton, 894 F.2d 1268, 1274 (11th Cir.)(quoting Reed, 468 U.S. at 13), cert. denied, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation

---

[1] Appellate defaults are examined under the same standards that apply when a defendant fails to preserve a claim during trial. Smith v. Murray, 477 U.S. 527, 533 (1986).

      omitted), or that "some interference by officials," (citation omitted), made compliance impracticable, would constitute cause under this standard.

Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Harmon, 894 F.2d at 1275; Allen v. Risley, 817 F.2d 68, 69 (9th Cir. 1987). The standard is one of discretion intended to be flexible and yielding to exceptional circumstances. Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). The "cause and prejudice" standard is equally applicable to pro se litigants, Harmon, 894 F.2d at 1274; Hughes, 800 F.2d at 908, whether literate and assisted by "jailhouse lawyers," Tacho, 862 F.2d at 1381; illiterate and unaided, Hughes, 800 F.2d at 909, or non-English speaking. Vasquez v. Lockhart, 867 F.2d 1056, 1058 (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).

    Finally, if a claim has been found to be procedurally defaulted, the failure to establish cause for the default may be excused under exceptional circumstances. For instance:

      ... in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of showing cause for the procedural default.

Murray, 477 U.S. at 496; see also Schlup v. Delo, 513 U.S. 298, 327 (1995)(to meet the Murray standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence").

    2. Application of Law to Facts of the Case

    Respondents contend that each one of petitioner's four grounds for relief are procedurally barred from consideration on federal habeas corpus review.

10

**a. Ground I**

In Ground I, petitioner argues that his sentence was illegal in light of U.S. Supreme Court decisions, most particularly, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Specifically, he contends the holdings in these cases render his sentence "illegal because the penalty was beyond presumptive and was not submitted to a jury for proof." (Doc. 1 at p. 5).

Respondents contend petitioner did not fairly present these claims in state court and they are now procedurally barred from consideration in a federal habeas petition.

As a preliminary matter, in <u>Scardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005), the court held that <u>Blakely v. Washington</u> "does not apply retroactively to a conviction that was final before that decision was announced." <u>See also</u> <u>U.S. v. Sanchez-Cervantes</u>, 282 F.3d 664, 671 (9th Cir.) ("we hold that <u>Apprendi</u> does not apply retroactively to cases on initial collateral review"), <u>cert. denied</u>, 537 U.S. 939 (2002).

In this case, plaintiff's direct appeal was finalized in mid-May, 2001, after the 90-day period for filing a petition for writ of certiorari in the U.S. Supreme Court elapsed following the Arizona Supreme Court's denial of review on February 15, 2001. (Doc. 15, Exhibit FF). As a result, <u>Blakely</u>, which was not decided until 2004, does not apply to petitioner's case. With respect to <u>Apprendi</u>, that case was decided in 2000, before petitioner's convictions were finalized and thus may be considered on federal habeas review if the <u>Apprendi</u> claim was properly

11

exhausted in state court.

Irrespective of the issue of retroactivity, respondents assert that petitioner's <u>Apprendi</u> claim is procedurally barred from consideration on federal habeas review. They contend petitioner did not raise an <u>Apprendi</u> claim on direct appeal. They further assert that petitioner did not raise such a claim in his petition for review to the Arizona Court of Appeals. They further note that, although petitioner did raise such a claim in his second post-conviction proceeding, the trial court applied a procedural bar in dismissing it and, thus, the claim was not "fairly presented" in state court and is procedurally defaulted.

Review of the record supports respondents' contention. Petitioner did not present his <u>Apprendi</u> claim on direct appeal. (Doc. 15, Exhibits AA, FF). Petitioner raised an <u>Apprendi</u> claim in his initial Rule 32 petition, (Doc. 15, Exhibit II at p. 2), but failed to present the issue to the Arizona Court of Appeals. (Doc. 15, Exhibit LL at p. 2). As a result, petitioner did not satisfy the requirement that he "fairly present" this claim in state court. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802-05 (1991). Petitioner did attempt to raise this claim once again in his second Rule 32 proceeding but that proceeding was dismissed by the trial court on procedural grounds and, thus, was not "fairly presented" in state court. <u>See</u> Ariz.R.Crim.P. 32.2(a).

Petitioner has presented no cause for failing to properly exhaust this claim in state court either on appeal or in his first Rule 32 proceeding. As a result, petitioner's <u>Apprendi</u> claim is procedurally defaulted. The Court may still consider a

12

procedurally defaulted claim if petitioner can present extraordinary circumstances showing that failure to consider the claim will result in the conviction of someone who is actually innocent. See Murray, 477 U.S. at 496; Schlup, 513 U.S. at 327. However, petitioner's Apprendi claim is relevant only to his sentence, not his convictions and he has made no colorable claim of "actual innocence." As a result the claims presented in Ground I should be denied.

**b. Ground II**

In Ground II petitioner contends his conviction violates the Fifth Amendment's ban on double jeopardy. Specifically, petitioner asserts "he is entitled to 5th Amendment protection and relief because he was tried before the Az. Corporation Commission on Counts 3-32 and 37-39 of the indictment, found guilty and a $50,000 fine imposed." (Doc. 1 at p. 8). As a result, he alleges his criminal conviction "for the exact same acts/offenses in Superior Court of Maricopa [County] violated his 5th Amendment right to be free from multiple punishments of the same offense ..." (Id.).

Petitioner states he presented this claim both on direct appeal and in his first Rule 32 petition. Review of the record shows he did not raise this issue in either of these proceedings. Petitioner did present this claim in his second Rule 32 petition. (Doc. 15, Exhibit OO at p. 5). Respondents contend this did not constitute fair presentation of the claim and that the trial court properly dismissed his second Rule 32 on procedural grounds.

Review of the trial court's order confirms this fact. The

13

Court dismissed the second Rule 32 on procedural grounds, noting his Apprendi claim was raised in his first Rule 32 and citing Ariz.R.Crim.P. 32.2(a) which prohibits raising a claim that was "[f]inally adjudicated on the merits on appeal or in a previous collateral proceeding ..." (Doc. 15 at Exhibit PP). As a result, petitioner did not properly exhaust this claim in state court. Because the time to present this claim in state court has long since passed, the claim is technically exhausted. Such technical exhaustion is not proper exhaustion and the claim is procedurally defaulted unless petitioner can show cause and prejudice for failing to raise it in state court in a procedurally proper manner. Petitioner has shown no cause, nor has he demonstrated extraordinary circumstances/actual innocence warranting consideration of the claim despite the procedural default.

Finally, petitioner raised this issue in his second Rule 32 as a violation of state law. (See Doc. 15 at Exhibits OO at p. 5 and SS at pp. 3,8). Thus, the federal nature of the claim he now raises on habeas review was never presented in state court. For all these reasons, Ground II is procedurally defaulted and should be denied.

**c. Ground III**

In Ground III petitioner appears to contend his appellate counsel rendered ineffective assistance by failing to raise an Apprendi claim on direct appeal. (Doc. 1 at pp. 11-12). To the extent this claim also encompasses a claim of ineffective assistance of post-conviction relief counsel for failing to raise this claim in any of his Rule 32 proceedings, such a claim is not

14

cognizable on habeas review.  See Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993); see also 28 U.S.C. § 2254(i).

Petitioner indicates he raised a claim of ineffective assistance of appellate counsel for failing to raise an Apprendi violation in both his first and second Rule 32 petitions.  (Doc. 1 at p. 11).  Respondents deny petitioner raised this claim in his first petition, agree that he raised the claim in his second, but argue that because the trial court dismissed his second Rule 32 petition on procedural grounds, (see Doc. 15 at Exhibit PP), he did not "fairly present" the claim in state court and the claim is procedurally barred from consideration on federal habeas review. (Doc. 15 at pp. 16-17).

The Magistrate Judge agrees that petitioner did not raise a claim of ineffective assistance of appellate counsel in his first Rule 32 petition.  (See Doc. 15, Exhibit II).  Further, even if he did raise such a claim in his second Rule 32, the trial court dismissed that petition on procedural grounds which decision was affirmed on review.  (Doc. 15, Exhibits PP, TT and VV).

In sum, petitioner failed to exhaust Ground III.  He has not presented cause for failing to properly exhaust the substance of the claim raised in Ground III in state court.  The claim is now procedurally defaulted.  Petitioner has failed to present a colorable claim of actual innocence which would permit the court to ignore the procedural default and consider this claim on the merits.

**d. Ground IV**

In Ground IV, petitioner contends his sentence was carried

out in a "discriminatory" fashion, in terms of calculating his eligibility for earned release credits, in violation of Arizona law. (Doc. 1 at p. 13). This claim does not raise a federal issue. Petitioner predicates this claim solely on an alleged violation of state law. The only reference to federal law is his concluding remark that "[t]here can be no justification for Arizona giving 2 standards of "earned release credit" under U.S. Constitutional Law standards." (Doc. 1 at p. 15). This cursory, unspecific reference to "U.S. Constitutional Law standards" is insufficient to raise a federal question. See Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) ("... general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). Petitioner's failure to raise a federal claim in Ground IV means the Court lacks jurisdiction to consider the claim on federal habeas review. 28 U.S.C. § 2254(a).

In addition, by his own acknowledgment, petitioner did not raise this claim, in any form, in any of his state court proceedings. (See Doc. 1 at p. 13). Examination of his state court filings included in the habeas record supports this fact. Ground IV of the habeas petition should be denied.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the

district court's order and judgment. The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 5th day of January, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

17